Case 1:21-cv-01331-AT   Document 19   Filed 08/27/11   Page 1 of 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------*X*

FRANKIE MONEGRO, on behalf of himself and all
others similarly situated,

Case No. 1:21-cv-01331-AT

Plaintiffs,

-against-

THE HUNDREDS IS HUGE, INC.,

Defendant.
---------------------------------------------------------*X*

## CONSENT DECREE

1.     This Consent Decree is entered into as of the Effective Date, as defined
below in Paragraph 10, by and between the following parties: Plaintiff Frankie Monegro
("Plaintiff") and Defendant The Hundreds is Huge, Inc. ("Defendant"). Plaintiff and Defendant
shall hereinafter be collectively referred to as the "Parties" for the purposes and on the terms
specified herein.

## RECITALS

2.     Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42
U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit
discrimination on the basis of disability in the full and equal enjoyment of the goods, services,
facilities, privileges, advantages, and accommodations by any private entity that owns, leases
(or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R.
§ 36.201(a).

3.     On or about February 15, 2021, Plaintiff filed an action in the United States
District Court for the Southern District of New York (the "Court"), captioned Frankie Monegro v.
The Hundreds Is Huge, Inc., Case Number: 1:21-cv-01331-AT (the "Action"). Plaintiff alleges

1

that Defendant's website, www.thehundreds.com, and mobile applications (the "Website") are not fully accessible to blind or visually-impaired individuals in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

4.      Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, NYSHRL, and the NYCHRL, and it denies any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5.      This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6.      This Consent Decree is entered into by Plaintiff, individually, but is intended to inure to the benefit of vision impaired individuals who are members of the class alleged in the Complaint, located in all 50 states, the District of Columbia, Puerto Rico, and the federal territories

## JURISDICTION

7.      Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology and is accessible to individuals in all 50 states, the District of Columbia, Puerto Rico, and the federal territories. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA, NYSHRL, and/or NYCHRL.

2

8.     This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

9.     Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

## DEFINITIONS

10.    Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11.    Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 16 through 19 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website related operations.

3

## TERM

12.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) eighteen (18) months from the Effective Date; or (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

13.     Pursuant to the terms of this Consent Decree, Defendant:

a. Shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

4

## COMPLIANCE WITH TITLE III OF THE ADA

14.     Web Accessibility Conformance Timeline: Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), including websites (including all pages therein and linked to therefrom) that can be navigated to from the Website or which when entered reroute to the Website (collectively the "Websites"), according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

> a. Within eighteen (18) months of the Effective Date, the Defendant shall use good faith efforts to modify the Websites as needed to substantially conform to the Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the Websites will be accessible to persons with vision disabilities.

> b. The Parties acknowledge that Defendant's obligations under this Agreement do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or Websites Defendant do not own, operate, prepare or control but that are linked from the Websites (including, but not

5

limited to, any content/Websites hosted by third parties and implemented on the Websites); and (ii) the provision of narrative description for videos. The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in their discretion, to cease the remediation efforts described above.

c. In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0") or any combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fails to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless met its obligations.

d. If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have

6

satisfied its obligations under this Agreement as set forth herein
regarding remediation of the Website.

## SPECIFIC RELIEF TO PLAINTIFF

15.     Specific Relief: Plaintiff and Defendant have agreed to settle all matters
relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to
any alleged inaccessibility of the Website through a separate agreement (the "Settlement
Agreement"), the remedial portions of which are hereby incorporated by reference into this
Consent Decree.

## PROCEDURES IN THE EVENT OF DISPUTES

16.     The procedures set forth in Paragraphs 17 through 19 must be exhausted
in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant
to this Consent Decree or (ii) Defendant alleges that there is a criteria of the applicable WCAG
standard with which it cannot substantially comply as set forth herein. There will be no breach
of this Consent Decree by Defendant in connection with such allegations until the following
procedures have been exhausted.

17.     If any of the Parties claim this consent Decree or any portion of it has been
violated ("breach"), the party alleging the breach shall give written notice (including reasonable
particulars) of such violation to the party alleged to be in breach. The alleged breaching party must
respond to such written notice of breach no later than sixty (60) calendar days thereafter (the "Cure
Period"), unless the parties agree to extend the time for response. If the alleged breach is of a nature
that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to
reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable
to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the

7

party alleging a breach of the Consent Decree may seek enforcement of compliance with this Consent Decree from the Court.

18.    There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days from receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

19.    Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For PLAINTIFF:                Yaakov Saks
                              STEIN SAKS PLLC
                              285 Passaic Street
                              Hackensack, NJ 07601
                              Tel: 201.282.6500
                              E-mail: ysaks@steinsakslegal.com

8

For DEFENDANT:          Jeremy D. Smith, Esq.
                        Krane & Smith, APC
                        16255 Ventura Boulevard, Suite 600
                        Encino, California 91436-2302
                        Telephone: (818) 382-4000
                        Facsimile: (818) 382-4001
                        E-mail:jsmith@kranesmith.com


## **MODIFICATION**

20.     No modification of this Consent Decree shall be effective unless in
writing and signed by authorized representatives of all Parties.

## **ENFORCEMENT AND OTHER PROVISIONS**

21.     The interpretation and enforcement of this Consent Decree shall be
governed by the laws of the State of New York.

22.     This Consent Decree contains the entire agreement of the Plaintiff and
the Defendant concerning the subject matter described in Paragraph 3, other than the terms of
the Settlement Agreement, and no other statement, promise, or agreement, either written or
oral, made by any party or agent of any party, that is not contained in this Consent Decree, and
concerns the subject matter described in Paragraph 3, shall be enforceable, other than the
Settlement Agreement.

23.     If any provision of this Consent Decree is determined to be invalid,
unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated
to reflect as nearly as possible and to the fullest extent permitted by applicable law its original
intent and shall not, in any event, affect any other provisions, all of which shall remain valid
and enforceable to the fullest extent permitted by applicable law.

## **PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES**

9

24.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree, located in all 50 states, the District of Columbia, Puerto Rico, and the federal territories.

25.     The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

26.     This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

PLAINTIFF

Dated: 8/19/2021                      By: _____

DEFENDANT

Dated: 8/20/2021                      By: _____
                                      Benjamin Shenassafar
                                      Its: President

APPROVED AS TO FORM AND CONTENT:

PLAINTIFF'S LAWYERS

Dated: 8/20/2021                      Mark Taylor

DEFENDANT'S LAWYERS

Dated: 8/25/2021                      Jeremy Smith

10

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing the Action and enforcing the ADA;

6) The Court's jurisdiction over this matter shall continue for 36 months; and

7) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED:

Dated: August 27, 2021
New York, New York

**ANALISA TORRES**
**United States District Judge**

11